UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| DAVID DODSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE NO. |
| | ) |
| NORFOLK SOUTHERN LLP, | ) |
| | ) |
| | ) |
| Defendant. | ) |
| | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. NATURE OF THE CASE

1. Plaintiff, David Dodson ("Dodson" or "Plaintiff"), by counsel, brings this action against Defendant, Norfolk Southern, LLP ("Defendant"), for violating the Age Discrimination in Employment Act ("ADEA"), as amended, 29 U.S.C. §621 *et. seq.,* the Americans with Disabilities Act of 1990 ("ADA") 42 U.S.C. §12101 *et. seq.,* and Indiana's common law claim for workers compensation retaliation (i.e. a *Frampton* claim).,

### II. PARTIES

2. Dodson is a resident of Warrick County, Indiana, who, at all times relevant to this action, resided within the geographical boundaries of the Southern District of Indiana.

3. Defendant maintains offices and routinely conducts business within the geographical boundaries of the Southern District of Indiana.

### III. JURISDICTION AND VENUE

4. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331; 28 U.S.C. §1343; 28 U.S.C. § 1367; 29 U.S.C. §626(c); and 42 U.S.C.§12117.

5. Defendant is an "employer" as that term is defined by 29 U.S.C. §630(b) and 42 U.S.C. §12111(5).

6. Dodson was an "employee," as that term is defined by 29 U.S.C. §630(f) and 42 U.S.C.§12111(4).

7. Dodson is an individual with a "disability" as that term is defined under 42 U.S.C.A § 12102.

8. Dodson satisfied his obligation to exhaust his administrative remedies, having timely filed a Charge of Discrimination (Charge No. 470-2023-03564) with the U.S. Equal Employment Opportunity Commission ("EEOC") against Defendant alleging discrimination based on his age and disability and retaliation for engaging in a protected activity. Dodson received the required Notice of his Right to Sue on November 30, 2023, and timely files this action.

9. A substantial part of the events, transactions, and occurrences relevant to this lawsuit arose within the geographical environs of the Southern District of Indiana; thus, the venue is proper in this Court.

## IV. FACTUAL ALLEGATIONS

10. On or around April 25, 2022, Dodson, a sixty-four-year-old individual, began working for Defendant as a Road Supervisor.

11. At all relevant times, Dodson met or exceeded Defendant's legitimate performance expectations. Specifically, Dodson received an "Excellent" performance evaluation and a commendation letter from Floyd e. Hudson ("Hudson"), VP for Defendant, praising Dodson's job safety.

12. On or around September 20, 2022, Dodson was involved in a work-related accident in a company vehicle while performing his job duties for the Defendant. Dodson's vehicle was rear-ended by a truck going 55-60 MPH. Dodson received multiple injuries, including but not limited to his head, neck, back, hips, and shoulders, and suffered a concussion.

13. Dodson sought medical treatment immediately following this accident. Due to his injuries, Dodson is a qualified individual with a disability as defined by the ADA. Dodson's disability was known to the Defendant. Dodson suffered and continues to suffer from persistent pain, problems with his balance, and dizziness as a result of the concussion.

14. On or around October 5, 2022, Dodson sent an email/text to John Mosely ("Mosley") Assistant Superintendent of the Illinois Division for Defendant, asking if he could apply for or be transferred to an open position due to disabilities. Mosely failed to/refused to respond to Dodson's request for a reasonable accommodation.

15. In or around October 2022, Dodson began proactively applying to open positions within Defendant's employment. Despite being qualified for the positions he applied to; Dodson was not selected for any of the positions he applied to.

16. In or around October 2022, Dodson interviewed for an open Automotive Customer Care Associate position. Dodson was offered the position, but a few days later, they called him back to tell him that they had to rescind the offer because his current position would not release him.

17. On or around December 1, 2022, or eight (8) weeks after requesting an accommodation, Mosley informed Dodson of the following:

    a. Dodson was granted an unpaid leave of absence effective 10/19/2022 until 01/17/2023;
    b. If Dodson did not return to work after his leave of absence, it would be deemed a voluntary resignation; and
    c. In order for Dodson to return to work, he would need to submit documents to Defendant's Health Services Department.

18. On or around December 29, 2022, Dodson returned to work despite still experiencing the ramifications of his injuries.

19. Upon his return, Dodson again attempted to engage in the interactive process and asked Jordan Fortner ("Fortner"), Senior Road Supervisor for Defendant, and John Randall ("Randall"), Terminal Manager for Defendant, for an accommodation. Fortner and Randall failed to/refused to engage and outright denied Dodson's requests for accommodation

20. On or around March 12, 2023, Dodson informed Randall that he continued to experience dizzy spells, persistent pain, and balance issues. When questioned why Dodson returned to work, Dodson told Randall about the December 1, 2022, letter he received from Mosely informing him that he needed to return by 01/17/2023 or he would be considered separated from his employment with Defendant.  Again, Randall failed to/refused to engage in the interactive process and accommodate Dodson's disability.

21. On or around April 1, 2023, despite continuous pain and Defendant's lack of engagement in the interactive process, Dodson was given a merit-based raise corresponding with his "Excellent" performance evaluation.

22. On or around May 22, 2023, Dodson was placed on involuntary administrative leave by Randall for purportedly missing two conference calls. However, one of the calls had been scheduled on a day when Dodson was approved for and scheduled off.

23. On or around May 29, 2023, Dodson was terminated. Defendant's stated reason, poor performance, is pretext for age and disability discrimination and in retaliation for engaging in a protected activity.

24. At the time of his termination, Dodson was eight (8) months from retirement and, conversely, substantial retirement benefits.

25. Upon information and belief, Dodson was replaced by a substantially younger, non-disabled individual or individuals.

## V. CAUSES OF ACTION

### COUNT I: ADEA – Age Discrimination

26. Dodson hereby incorporates paragraphs one (1) through twenty-five (25) of his Complaint as if the same were set forth at length herein.

27. Dodson is an individual over forty during the relevant facts of this matter.

28. Dodson was subjected to disparate standards and treatment by the Defendant due to his age.

29. Dodson was replaced by a significantly younger individual or individuals.

30. Defendant's actions were intentional, willful, and taken in reckless disregard of Dodson's legal rights.

31. Defendant's unlawful actions violated Dodson's rights as protected by the Age Discrimination in Employment Act ("ADEA"), as amended, 29 U.S.C. §621 *et. seq*.

### COUNT II: ADA – Disability Discrimination

32. Dodson hereby incorporates paragraphs one (1) through thirty-one (31) of his Complaint as if the same were set forth at length herein.

33. Dodson is an individual with a real or perceived disability as understood by the ADA, 42 U.S.C. §12101 et seq.  Despite said disability substantially limiting one or more major life activities, Dodson was able to meet the essential functions of his position and routinely met or exceeded Defendant's legitimate performance expectations.

34. Dodson's real or perceived disability subjected him to disparate standards and treatment by the Defendant.

35. Defendant's actions were intentional, willful, and taken in reckless disregard of Dodson's rights as protected by the Americans with Disabilities Act of 1990, 42 U.S.C. §12101 et seq.

36. Dodson has suffered damages as a result of Defendant's unlawful actions.

### COUNT III: ADA – Disability Retaliation

37. Dodson hereby incorporates paragraphs one (1) through thirty-six (36) of his Complaint as if the same were set forth at length herein.

38. Defendant violated Dodson's rights as protected by the Americans with Disabilities Act of 1990 ("ADA") 42 U.S.C. §12101 *et. seq.*, by retaliating against him after he attempted to engage in the interactive process.

39. Dodson's employment was terminated in retaliation for engaging in a protected activity as it relates to his actual or perceived disability.

40. Defendant's actions were intentional, willful, and in reckless disregard of Dodson's rights as protected by the ADA.

41. Dodson has suffered damage as a result of Defendant's unlawful actions.

### COUNT IV: Violation of Indiana Common Law

42. Dodson hereby incorporates paragraphs one (1) through forty-one (41) of his Complaint as if the same were set forth at length herein.

43. Defendant unlawfully retaliated against Dodson for having filed and received worker's compensation benefits.

44. Defendant's actions were intentional, willful, and in reckless disregard of Dodson's rights.

45. Dodson has suffered damages as a result of Defendant's unlawful actions.

### VI. REQUESTED RELIEF

6

WHEREFORE, Plaintiff, David Dodson, respectfully requests that this court enter judgment in his favor and award him the following relief:

1. Reinstate Dodson's employment to the position, salary, and seniority level he would have enjoyed but for Defendant's unlawful actions and/or payment to Dodson of front pay in lieu thereof;

2. Award all wages, benefits, compensation, and other monetary loss suffered as a result of Defendant's unlawful actions;

3. Award Compensation for any and all other damages suffered as a consequence of Defendant's unlawful actions;

4. Award compensatory damages;

5. Award punitive damages

6. Award all costs and attorney's fees incurred as a result of bringing this action;

7. Award pre-and post-judgment interest on all sums recoverable; and

8. Award all ot09 legal and/or equitable relief this Court sees fit to grant.

Respectfully submitted,

BIESECKER DUTKANYCH & MACER, LLC

By: */s/ Taylor Ferguson*_____
Taylor Ferguson
Andrew Dutkanych
144 North Delaware Street
Indianapolis, IN 46204
Telephone: (317) 991 - 4765
Email: tferguson@bdlegal.com
ad@bdlegal.com

*Counsel for Plaintiff, David Dodson*

## **DEMAND FOR JURY TRIAL**

Plaintiff, David Dodson, by counsel, requests a trial by jury on all issues deemed so triable.

Respectfully submitted,

BIESECKER DUTKANYCH & MACER, LLC

By: */s/ Taylor Ferguson*
Taylor Ferguson
Andrew Dutkanych
144 North Delaware Street
Indianapolis, IN 46204
Telephone: (317) 991 - 4765
Email: tferguson@bdlegal.com
ad@bdlegal.com

*Counsel for Plaintiff, David Dodson*